**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30064 |
| Plaintiff-Appellee, | D.C. No. 1:06-cr-00126-BLW |
| v. | |
| GREGORY FRANK SPEROW, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted September 12, 2018[**]

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Gregory Frank Sperow appeals pro se from the district court's order granting in part and denying in part his motion for return of property under Federal Rule of Criminal Procedure 41(g). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Sperow first contends that the district court erred when it relied on Special Agent Gleason's declaration rather than conducting an evidentiary hearing to determine the status of his property. Gleason's sworn declaration established that he had personally reviewed all of the seized evidence then in the custody of the relevant Idaho agencies, conducted additional investigations relating to the outstanding property, and provided a detailed account of the status of each item of property. Contrary to his contention, Sperow did not adduce any evidence that conflicted with Gleason's declaration. Under these circumstances, the district court properly relied on Gleason's declaration and did not abuse its discretion when it declined Sperow's request for an evidentiary hearing. *See United States v. Hagege,* 437 F.3d 943, 953 (9th Cir. 2006). Sperow's argument that, in the absence of a hearing, the court was required to construe the facts in a light most favorable to him, is unsupported. In any event, there were no genuine factual issues with respect to the location of the property.

Sperow next contends that the district court erred by failing to require the government to produce a property inventory in accordance with 41 C.F.R. § 128-50.101. We disagree. Nothing in the regulation, which is directed to federal bureaus, appears to give property owners like Sperow a claim for relief. Moreover, Sperow cannot show any need for a property inventory. Sperow's declaration identified the items he sought, Gleason conducted a thorough search for each item,

2

and the government ultimately returned to Sperow everything it had in its possession with the exception of evidence that appeared to be contraband or to have been seized from someone other than Sperow. Sperow does not explain what else he could have obtained with a complete inventory.

Lastly, Sperow contends that the district court erred when it refused to consider his challenge to the legality of the search of his truck. The district court did not err because the legality of the underlying search and seizure of property is irrelevant for purposes of Rule 41(g) once criminal proceedings are complete. *See United States v. Martinson,* 809 F.2d 1364, 1369 (9th Cir. 1987). In this case, irrespective of whether the search was legal, the government could not return the evidence allegedly seized from the truck because it did not possess that property.

**AFFIRMED.**